BAKER, Judge
(concurring in part and in the result):
I agree with the majority on Issues II and III. On Issue I, the majority concludes that appellant was in custody. I agree. The court below found: “At one point during the search, the appellant ... was then told that he needed to either remain in the living room or have an officer accompany him if he left the room. Thereafter, Officer A remained with the appellant in the living room.” Un-pub. op. at 5 (emphasis added). At this point, appellant was no longer free to leave and was in custody. Orozco v. Texas, 394 U.S. 324, 327, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969). Police questioning of appellant occurred before and after appellant was taken into custody. It was after he was taken into custody that appellant told the police that he had hit the victim with a dog bone and the sailfish statue.
*411 In this ease, there is a tension between the conclusion that appellant was in custody and application of the public-safety exception, where that exception is alone premised on the safety of the police officers exercising custody over appellant. As a result, for the reasons stated below, I vote to affirm this case on the basis that if there were error below, it was harmless beyond a reasonable doubt.
Under the public-safety exception to Miranda, a custodial statement obtained in the absence of Miranda warnings need not be suppressed if police obtain the statement in light of an objectively reasonable need to protect either the police or the public from immediate danger. New York v. Quarles, 467 U.S. 649, 659 n. 8, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984); United States v. Jones, 26 MJ 353, 356 (CMA 1988). This narrow Miranda exception is limited to questions necessary to secure the safety of police officers and the safety of the public. Once such information has been obtained, the suspect must be given the Miranda warnings, before custodial inteiTogation continues. Significantly, while recognizing that the public-safety exception ran against the Court’s interest in preserving Miranda “clarity,” the Court intended that the exception be “workable” and not require officers faced with the immediacy of events to engage in precise on-scene balancing between permitted and prohibited questions. Quarles, supra at 658, 104 S.Ct. 2626.
In determining whether there is an objectively reasonable basis to invoke the exception, courts have looked to the totality of the circumstances presented, including: the imminence of danger from weapons[1]; the possible presence of bystanders who could be harmed by weapons[2]; the possible presence of additional individuals who could use weapons [3]; and a suspect’s freedom of movement and potential access to weapons.[4]
In this case there came a time when appellant was under police custody and his mobility controlled. The home had been searched and no additional individuals were located or identified who might present a threat to the officers or to the public at large. The public did not have access to the home. The empty holster was cause for concern, but absent appellant, the record does not indicate the presence of any other individuals who might threaten the officers. If the officers felt that the presence of appellant’s mother created risk, they did not act that way. Nor is this a case where the police asked the offending question before searching the home. Based on the totality of these circumstances, it is not clear that a reasonably objective need existed to protect the officers or the public once appellant was in custody.
Nonetheless, if there were error in admitting appellant’s statements about the dog bone and the sailfish statue, after he was in custody, such error was harmless beyond a reasonable doubt. Appellant’s statements could not have substantially influenced the *412 findings in light of the other evidence against appellant. This evidence included: (1) the victim’s testimony; (2) the wife’s statement; and (3) the bloody dog bone, which was found in plain view and, at the very least, would inevitably have been discovered.

. State v. Finch, 137 Wash.2d 792, 975 P.2d 967, 990-91 (1999)(exception applicable during telephone negotiations by SWAT team with defendant barricaded in home where Miranda warnings could further upset defendant and erode potential for peaceful resolution), cert. denied, 528 U.S. 922, 120 S.Ct. 285, 145 L.Ed.2d 239 (1999). See United States v. Moses, 45 MJ 132, 134 and n. 3 (1996).

. Trice v. United States, 662 A.2d 891, 896 (D.C.1995)(exception applies in light of "strong circumstantial evidence” of gun at defendant's residence and presence of small children in home at time of arrest, notwithstanding that arrest and questioning occurred 4 days after shooting and detective waited 1 hour after arrest to ask question at police station).

. People v. Simpson, 65 Cal.App.4th 854, 66 Cal. App.4th 231G, 76 Cal.Rptr.2d 851, 853 (1998)(objectively reasonable ... to question the suspect about the presence of weapons and other potential dangers in execution of search warrant "upon premises” of “known drug trafficker, ... probable cause to believe substantial quantities of illegal drugs will be found,” and "not knowing who else might be present on the property”).

. United States v. DeSantis, 870 F.2d 536, 541 (9th Cir.1989)(even if right to counsel was invoked when police came into the house, exception allowed questioning about whether there were weapons in adjoining bedroom when defendant asked to go in there to change clothes).